Susan GALLINGER, Arizona Director of Insurance, as Receiver of the Great Global Assurance Company, Plaintiff–Appellant,

v.

VAALER INSURANCE, INC., a North Dakota corporation; David A. Vaaler, Defendants–Third Party Plaintiffs–Appellees,

v.

NORTH DAKOTA INSURANCE GUARANTY FUND, Third Party Defendant.

No. 94–3329.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1995.

Decided Aug. 7, 1995.

William D. Schmidt, Bismarck, ND, argued, for appellant.

Robert P. Vaaler, Grand Forks, ND, argued, for appellee.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Susan Gallinger, receiver of Great Global Assurance Company, appeals from a jury verdict in favor of Vaaler Insurance, Inc. and David Vaaler (collectively referred to as Vaaler). This case returns to us from our prior reversal and remand to the district court for a trial on the issue of agency. *Gallinger v. Vaaler Ins., Inc.*, 12 F.3d 127 (8th Cir.1993). Following a jury verdict in favor of Vaaler, Gallinger now argues on

appeal that the district court erred in instructing the jury on the issue of insurance broker and in failing to instruct the jury on the issue of dual agency. After a careful review of the record, the briefs and arguments of the parties, we affirm.

Great Global Assurance Company (Great Global) was a fronting carrier for North Star Hospital Mutual Assurance, Ltd. (North Star), an offshore insurance and reinsurance provider whose policies were sold to hospitals for coverage of business and professional negligence. In the early 1980s, David Vaaler was contacted by Harvey Hanson, the president of the North Dakota Hospital Association (Hospital Association), regarding the hospital liability insurance program being marketed by North Star. The Hospital Association sought the assistance of Vaaler in marketing this insurance program to its member hospitals. On June 14, 1983, David Vaaler was issued an insurance agent's license, with Great Global Assurance the sponsoring company. The license was requested by Vaaler to enable him and Vaaler Insurance to countersign Great Global policies as a North Dakota resident agent.

During the relevant time, Vaaler solicited policies and took applications from various North Dakota hospitals, retained a portion of the premium dollars as its commission, and remitted the balance to North Star for distribution to the various entities involved. Although Vaaler was a licensed agent for Great Global, it had no power to bind Great Global to any policies sold to North Dakota hospitals. Vaaler simply took applications and sent the applications to be approved or declined by North Star. Neither David Vaaler nor Vaaler Insurance had a written agent's contract with Great Global.

Sometime prior to March 1986, Great Global began experiencing financial difficulties and eventually entered into receivership. In early March 1986, each policyholder, including the North Dakota hospitals, was served with notice of cancellation of policies issued by Great Global. On the day that the Great Global policies were cancelled, Vaaler had in its possession approximately $273,000 of earned and unearned premiums. Vaaler returned the earned premiums to the receiver and distributed the unearned premiums to the various hospitals. Susan Gallinger, on behalf of Great Global, then commenced this action seeking the return from Vaaler of the unearned premiums that had been distributed to the policyholders.

The district court granted summary judgment in favor of Vaaler and dismissed Gallinger's complaint. On appeal, this court reversed and remanded for trial on the factual question of agency. The matter was then tried before a jury and, in August 1994, the jury found Vaaler was acting as an insurance broker for the hospitals, not as an agent for Great Global. Accordingly, the district court entered judgment dismissing Gallinger's complaint.

■ Gallinger now raises two issues in this appeal. She first argues the district court erred in instructing the jury on the issue of "insurance broker," and that the only issues that should have been presented to the jury were the questions of agency and damages. Gallinger claims that the statutory definition of insurance broker, which excludes licensed agents from the definition, N.D. Cent. Code § 26.1–26–02(3) (an insurance broker is "not ... a licensed agent for the insurer"), precluded the district court from instructing the jury on the issue of whether Vaaler was acting as an insurance broker for the Hospital Association. We disagree.

The evidence at trial clearly established the propriety of an insurance broker instruction: (1) testimony indicated Vaaler obtained the agent's license to satisfy the requirement that insurance policies are countersigned by a North Dakota resident agent; (2) the Hospital Association contacted Vaaler regarding the North Star Program; (3) the Hospital Association sought Vaaler's advice, invited him to meetings of its trustees, asked Vaaler to investigate Great Global's financial stability and ultimately accepted Vaaler's recommendation to switch coverage to another insurance company when Great Global appeared to be financially troubled; and (4) the commission on the Great Global policies was ten percent, five percent of which was distributed to Vaaler and five percent to the Hospital Association. This evidence was suf-

**252**

ficient to support the jury instruction on insurance broker.

■ Gallinger also argues the district court erred in failing to instruct the jury on the issue of dual agency. Gallinger claims the facts established that a dual agency relationship may have existed between Vaaler, Great Global and the Hospital Association. Gallinger, however, did not object to the district court's failure to offer an instruction on dual agency, nor did she request such an instruction in her proffered instructions to the court. As such, we must review the failure to give a dual agency instruction for plain error. *Starks v. Rent–A–Center, Inc.,* 58 F.3d 358, 362–63 (8th Cir.1995).

■ While the district court did not specifically include a dual agency instruction, questions 1 and 2 of the special verdict gave the jury the opportunity to find Vaaler was either acting as a broker for the Hospital Association, an agent for Great Global, or both an agent and a broker. The jury concluded that Vaaler was not acting as an agent for Great Global and was acting as a broker for the Hospital Association. This ends the dual agency inquiry. There was no plain error in the court's failure to provide a specific instruction on dual agency.

The judgment of the district court is affirmed.